UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Banjelister Qamunga,                     Civ. No. 18-2800 (PAM/DTS)

           Plaintiff,

v.                                  **MEMORANDUM AND ORDER**

Kings Valley Homeowners Association,
Inc., Gassen Company, Smith Jadin
Johnson, PLLC, and Bernick Lifson, P.A.,

           Defendants.

---

This matter is before the Court on Defendant Smith Jadin Johnson, PLLC's Motions Dismiss and for Rule 11 Sanctions. For the following reasons, the Motion to Dismiss is granted and the Motion for Sanctions is denied.

**BACKGROUND**

Plaintiff Banjelister Qamunga lives in a condominium community in Golden Valley, Minnesota. Defendant Kings Valley Homeowners Association represents the property owners in Plaintiff's community and has contracted with Defendant Gassen Company to provide services to the homes in the community, such as maintenance, painting, tree-trimming, and the like. Plaintiff's Amended Complaint[1] (Docket No. 41) contains a host of allegations regarding the discriminatory treatment she has experienced from the Association and from Gassen with respect to maintenance requests and other issues.

---

[1] Moving Defendant filed this Motion before Plaintiff amended her Complaint. Defendant asserts that any new allegations in that pleading do not affect the analysis of its Motion.

Those allegations are not at issue in this Motion, however. The only claim at issue arises out of a September 2017 letter Plaintiff received from Defendant Smith Jadin Johnson, legal counsel to the Association. The letter, which is attached to the Amended Complaint, states that the Association asked Smith Jadin Johnson (then known as Roeder Smith Jadin) to contact Plaintiff "regarding numerous violations" of community rules. (Am. Compl. (Docket No. 41-1) Ex. A.) The letter lists the various Association rules at issue, including a prohibition on vehicle repairs outside a home's garage and keeping unregistered or unlicensed vehicles on the property. The letter states that Plaintiff was notified of several previous violations of these rules and warns her to correct any current violations or face actions such as towing the vehicles or monetary fines. (Id. at 2.) Finally, the letter mentions Plaintiff's alleged failure to fix damaged window screens on her property and warns her that the Association might repair the screens and assess her the costs of doing so, and might also fine her.

The Amended Complaint contends that this letter violates the Fair Debt Collection Practices Act ("FDCPA"). It raises a single FDCPA claim against Smith Jadin Johnson. Smith Jadin Johnson now moves to dismiss, arguing that Plaintiff is not a consumer and the letter is not an attempt to collect a debt as those terms are used in the FDCPA. The law firm also seeks Rule 11 sanctions against Plaintiff's counsel.

**DISCUSSION**

**A.     Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678.

The FDCPA prohibits a "debt collector" from using any "false, deceptive, or misleading representation or means" or any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e, 1692f. Only "consumers" may bring actions for violations of the FDCPA, because under the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." Id. § 1692a(5).

The letter here is not an attempt to collect a debt as a matter of law, and Plaintiff is not a "consumer" with respect to the letter's subject. Plaintiff contends that whether the letter is an attempt to collect a debt is a matter of fact, but when the facts are susceptible of only one interpretation, the Court can make that judgment as a matter of law. The letter does not mention a debt. It does not tell Plaintiff that she has to pay anything at any time. A letter is an attempt to collect a debt when the "animating purpose of the communication [is] to induce payment by the debtor." McIvor v. Credit Control Servs., Inc., 773 F.3d 909,

3

914 (8th Cir. 2014) (quotation omitted). Even if the Association had assessed fines against Plaintiff before this letter issued, the letter does not mention those fines or attempt to collect them in any way. The FDCPA is clear that a debt is something that the consumer is obligated or allegedly obligated to pay in the present, not something that the consumer might at some time in the future become obligated to pay. A letter saying that fines might be imposed is not an attempt to collect a debt under the FDCPA.

Plaintiff also contends that the letter violated § 1692f(6), which prohibits "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property." She contends that the letter's threat to tow offending vehicles is just such a threat, and therefore that the letter falls under the FDCPA. But a letter must be an "attempt to collect a debt" in the first instance; the prohibition on threatening dispossession of property is merely one way a debt collector can violate the FDCPA while collecting a debt. Because the letter here is not an attempt to collect any debt, the letter's reference to towing vehicles does not somehow create liability under the FDCPA. Smith Jadin Johnson's Motion to Dismiss is granted.

**B.     Rule 11**

Smith Jadin Johnson separately moved for sanctions against Plaintiff's counsel under Rule 11. To impose Rule 11 sanctions, the Court must determine "whether the attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Adams v. USAA Cas. Ins. Co., 863 F.3d 1069, 1077 (8th Cir. 2017) (quotation omitted). While the Court believes that the FDCPA claim against Smith Jadin Johnson is without merit, there is no indication that Plaintiff's counsel

intentionally or recklessly disregarded any duties to the court.  Indeed, they rely on a series of decisions which could be construed to support their argument.  And although the Court disagrees with their analysis, that analysis is not misleading.  Rule 11 sanctions are not warranted.

**CONCLUSION**

Plaintiff has failed to state a claim against Smith Jadin Johnson.  But that failure does not mandate the imposition of Rule 11 sanctions.  Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant Smith Jadin Johnson, PLLC's Motion to Dismiss (Docket No. 22) is **GRANTED**;

2. Plaintiff's claim against Smith Jadin Johnson, PLLC, is **DISMISSED with prejudice**; and

3. Defendant's Motion for Sanctions (Docket No. 42) is **DENIED**.

Dated:  December 10, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge